### JOHN WELSH v. JEFFERSON BLACKWELL.

Where the defendant stipulated " to plead in ten days," and filed a special demurrer within that time, the court held, that he had not complied with his stipulation.

The garnishee in attachment cannot demur to a *scire facias* issued under the act for the relief of creditors against absconding and absent debtors.—*Rev. Laws* 360, *Sec.* 20.

The court will not permit the plaintiff in attachment to enter judgment upon a *scire facias* against a garnishee, unless it appears on the *scire facias*, in whose hands the property was attached, and what that property consisted of.

A writ of attachment had issued out of this court at the suit of John Welsh, against Philemon Blackwell, upon which a judgment had been regularly entered. A writ of *scire facias* under the provision of the twentieth section of the act for the relief of creditors, against absconding and absent debtors, *Rev. Laws* 359, was issued against Jefferson Blackwell, returnable to May term, 1833. A declaration was duly filed, and at September term following, the plaintiff's attorney moved for judgment, for want of a plea, which the court granted.

The attorney of the defendant thereupon agreed, that if he would not enter the judgment, he would plead in ten days, so that the cause might be carried down for trial to the then ensuing circuit. This proposition was agreed to, and the judgment was not entered. The attorney for the defendant, within the time limited, filed a special demurrer. The plaintiff's attorney moved for judgment, for want of a plea; the case was submitted to the court at the last term upon the written arguments of the counsel.

*W. Halsted,* for plaintiff.

*Hamilton,* for defendant.

HORNBLOWER, C. J. In September term 1833, the plaintiff's attorney moved for judgment, for want of plea, which the court granted; but he then stated he would not enter the default, if the attorney for the defendant, (who had entered an appearance in May term preceding) would stipulate to plead in ten days, so that the cause might be carried down for trial to the then ensuing Circuit Court. This proposition was agreed to by the defendant's attorney; and the following words were endorsed on the declaration, and signed by both the attorneys. viz: " *The defendant to plead in ten days.*" Within the ten

days, the attorney for the defendant, put on the files a special demurrer.

It is insisted by the plaintiff's counsel, that he ought to be permitted to sign judgment as for want of a plea, on two grounds, viz:

1. For failure on the part of the defendant to comply with the stipulation aforesaid; and

2. Because a *garnishee* cannot demur to a declaration on a *scire facias.*

I am of opinion the plaintiff is right on both these points— 1st upon the stipulation. By a rule of our court (book of rules p. 17) we can take no notice of agreements made by attorneys " out of court," unless reduced to writing, &c. But when reduced to writing, the court will see that they are carried into effect, according to the spirit and meaning of them. This however, was not an agreement " out of court." If my recollection serves me, the proposition was made by the plaintiff's attorney, and acceded to by the defendant's attorney, in the presence of the court, immediately on the motion for judgment being made and granted. Be that, however, as it may; what was the real intention of the parties—the true meaning and spirit of the agreement? The plaintiff was entitled to judgment, but as a matter of courtesy, was willing to waive his right, upon condition he should not be hindered from taking his cause down to trial at the next circuit. The limited period of ten days, was no doubt named, with a view to such a course. This must have been so understood by the defendant's attorney, and the arrangement entered into accordingly. Good faith, then, forbids that advantage should be taken of this spirit of accommodation, by putting in a special demurrer, instead of an issuable plea. Suppose the defendant had in plain terms, asked the plaintiff's attorney to permit him to file a special demurrer; is it at all probable that the plaintiff's attorney, after he had the order of the court for judgment, and when he was willing to waive it, *only* on condition of a trial at the ensuing circuit, would have agreed to it? His duty to his client would not have justified such a course, even if his liberality as a practitioner, had inclined him to yield to the request. The court might, it is true, upon a proper case made, have given the de-

fendant ten days or more, with leave to plead or demur, as he should be advised. But no such application was made to the court. The defendant's attorney put himself upon the courtesy of his adversary, and must stand upon the terms granted to him.

The word "pleading," when used in a large or general sense, comprehends, not only the declaration and special or other pleas, but demurrers. But the term "plea" or "to plead," when used in a limited and appropriated sense, excludes the idea of a demurrer; and words of a doubtful or ambiguous meaning, ought always to be understood and explained in reference to the subject matter, and the occasion on which they were used—1 *Bl. Com.* 60.

The stipulation in this case, was at least tantamount to a rule or agreement to plead issuably; and though a general demurrer may be an issuable plea, within the usual terms of such a rule; yet a special demurrer is not, at least, if it does not go to the merits of the case. *Berry* v. *Anderson*, 7 *Term. Rep.* 530; *Sawtell* v. *Gillard*, 5 *Dow & Ryland* 620, *in* 16 *Eng. c. l. Rep.* 245; *Dewey* v. *Sopp*, 2 *Str.* 1185; *Wright* v. *Rassell*, 2 *Bl. Rep.* 923; *Blick* v. *Dymoke*, 1 *Bing.* 379; *Bell* v. *Decosta*, 2 *Bos. & Pul.* 446.

2dly.  The *Garnishee* cannot demur to a *scire facias* under the statute.

Our proceedings by attachment against absent and absconding debtors, are borrowed from what is called a foreign attachment under the custom of London; and it is said in 1 *Jac. L. Dic.* 161, that the *Garnishee* may plead that he hath no money, &c. or *any other special matter*. If that is so, it is a part of the law or usage of that custom. But we must be governed by our statute; and that gives the *garnishee* a plea, which affords him, so far as I can perceive, all the protection he needs. By the 20th section of the statute, *Rev. Laws* 360, it is enacted that "if the *garnishee* shall appear at the return of the *scire facias*, and plead thereto, that he hath no goods or chattels of the defendant in his custody, &c. or that he was not indebted to the defendant; and the plaintiff, on trial, shall prove that he was indebted, then the jury shall find for the plaintiff and assess the damages for the amount or value of such debt, goods

or chattels, with costs, and judgment shall be entered accordingly, and execution awarded against the goods and chattels, lands and tenements, and also the person of the said garnishee ; but if the jury find for the garnishee, then he shall recover costs, &c."

Here, then, the Legislature have prescribed in case the garnishee pleads a certain matter, how it shall be tried, what the jury shall do, what judgment shall be entered, and how that judgment shall be executed on the one side or the other. But if, instead of pleading the matter mentioned in the statute, the garnishee may demur, what is the court to do, if the demurrer is not sustained ? What is to be the next step ? What judgment is to be rendered ? Is it to be with or without costs, and how is such judgment to be carried into effect ? For it is only on the trial of the issue prescribed in the statute, that costs are given, or that execution may issue against the goods, or lands, or person, of the garnishee. Again, if the garnishee may demur, he may plead specially any other matter, and however such pleas might terminate, the same questions and difficulties would recur.

If a statute gives to a court of record jurisdiction over a new subject, without prescribing the mode of proceeding, or of trial, it is to be conducted and tried according to the course and forms of the common law. But if a mode of proceeding, out of the course of the common law, is prescribed, it must be strictly followed—*Hartley* v. *Hooker, Cowp.* 523.

If the garnishee has no goods or chattels of the defendant in attachment and owes him no money, what better or other plea does he want than that which the statute gives him ? And if he has property in his possession belonging to the defendant in attachment, or owes him money, he ought to have no other plea. The garnishee cannot, in answer to a *scire facias,* say there was no debt due from the defendant in attachment to the plaintiff in attachment ; nor can he call in question the regularity of the proceedings in the attachment. The judgment in the attachment, so long as it remains unreversed, precludes him from denying the plaintiff's right to the moneys and effects of the defendant in his hands, and at the same time is a complete shield and protection to him against the claims of his creditor, should he

bring an action against him for the money or goods in his hands—*McDaniel* v. *Hughes*, 3 *East*, 367 ; *Turbell's case*, 1 *Saund*. 67. *a*.

If, then, there was no other difficulty in the way but the demurrer, judgment ought to be given for the plaintiff. But because the garnishee cannot file any other *plea* than the one mentioned in the statute, it does not follow that for want of such a plea the court must give judgment against him at all events. There may be circumstances under which the court will relieve or protect the garnishee on motion in a summary way ; or if, upon looking into the record, the court perceive the whole proceeding, on the part of the plaintiff, is a nullity or void, no judgment, by default or otherwise, ought to be given against the garnishee—*McDaniel* v. *Hughes*, 3 *East*, 367.

Upon looking into the *scire facias* in this case, I am of opinion the plaintiff is not, upon the facts stated in it, entitled to any judgment against the garnishee. The proceedings as against *him*, at least, are void. The declaration in *scire facias* recites the writ of attachment against Philemon Blackwell, and then states the return of it as follows : " upon which said writ of attachment, you, the sheriff, then returned that you had attached certain goods and chattels, as per inventory annexed to the said writ of attachment, and appraised at the sum of, &c. as by the said writ and return thereof made, duly affiled, &c." and then, after reciting the subsequent proceedings and judgment, the sheriff is commanded to summon *the said Jefferson Blackwell* (and this is the first time his name appears on the record) to show cause, &c. why the said John Welsh his executor for *his debt* aforesaid of the proper goods, and chattels of the said Philemon Blackwell, in the hands of the said Jefferson Blackwell, ought not to have, &c."

Now why the sheriff was commanded to summon *Jefferson Blackwell* to show cause, rather than the crier of this court, or any other person, does not appear on the *scire facias*. A plaintiff in attachment cannot make any man a garnishee by merely issuing a *scire facias* against him, and calling upon him to show cause. A garnishee is a person in whose hands money or goods *have been attached*, and he is so called because he has had " *garnishment*," that is *warning*, not to pay the money to the defend-

Welsh *v.* Blackwell.

ant in attachment—3 *Jac. L. Dic.* 175. And this is what our attachment act requires. The fourth section, *Rev. Laws,* 356, directs the sheriff to go to the house or lands of the defendant, or to the *person* or *house of the person* in whose custody or possession the defendant's property or estate may be, " and then and there *declare,* in the presence of one credible witness at least, that he attaches, &c." The sheriff must return not only what he has attached, *but in whose hands he attached it—McDaniel* v. *Hughes,* 3 *East,* 369. It ought therefore to appear on the *scire facias in whose* hands the property was attached, and what that property consisted of. This is necessary for the protection of the garnishee, in case of a suit against him by the defendant in attachment. The case of *Neal* v. *Cook,* in 5 *Halst.* 337, is directly in point and must govern this case. In the case above cited from 3 *East,* 367, the return stated that fifteen hundred pounds, *in monies numbered,* were attached in the hands of the garnishee. If the defendant should plead, as the statute requires, to this *scire facias,* he would do so blindfolded, and the record would afford him no protection in a suit against him by the defendant.

This is not giving the defendant the benefit of his demurrer, but it is refusing to give judgment against him *as a garnishee,* when there is nothing before the court amounting to a *scire facias* against him as such ; nothing upon which the court can give judgment, or award an inquiry. Admitting that the defendant cannot put in a formal demurrer, he may object in court to the plaintiff's proceedings. Suppose he could show payment by him to the plaintiff in attachment, or a release from him of all actions or executions ; if he could not plead such payment or release in bar, the court would hear him on motion or rule to show cause—19 *Vin. abr. tit. scire facias,* 285. In short, if the plaintiff had entered the default when granted in September term, 1833, we must afterwards have set it aside if called upon to do so ; or had the court then looked at the *scire facias,* it is to be presumed the motion for judgment would have been denied. My opinion is, the defendant is not bound to plead to this *scire facias,* and that no judgment can be entered against him upon it. There can be no costs on either side.

FORD, Justice, concurred.

RYERSON, J.   I concur in the result to which the court have come, that no judgment can be rendered for the plaintiff, but there is one point on which I wish to be understood as expressing no opinion.   Although the statute restricts the defendant in his pleadings, yet I am not satisfied that when the plaintiff, under cover of the statute, uses the writ of *scire facias* in a case and against a person which it does not warrant, and that is apparent by the writ and declaration, a demurrer may not be well put in.

CITED in *Sam' case*, 3 *Gr.* 55 ; *Castner* v. *Styer*, 3 *Zab.* 247-249 ; *Lomerson* v. *Hoffman*, 4 *Zab.* 675 ; *Tomlinson* v. *Stiles*, 4 *Dutch.* 204.